SAM YONAN et al., Plaintiffs-Appellants, v. OAK PARK FEDERAL SAVINGS AND LOAN ASSOCIATION et al., Defendants-Appellees.

(No. 55190;

First District—March 15, 1972.

Canel & Canel, of Chicago, (Jay Canel, of counsel,) for appellants.

McDermott, Will, & Emery, of Chicago, (Hamilton Smith and John V. Voortman, of counsel,) for appellees.

Mr. JUSTICE ADESKO delivered the opinion of the court:

Plaintiffs Sam Yonan and Nancy Yonan (hereinafter the Yonans) brought an action for specific performance, or in the alternative for general relief including money damages because of defendant Oak Park Federal Savings and Loan Association's alleged breach of contract to trade parcels of real estate. The trial judge found that defendant Oak Park Federal authorized its agent to sign a letter of agreement but concluded there never was a meeting of the minds between the parties. The trial judge also found the actions and statements of defendant, Oak

Park Federal, reasonably led the Yonans to believe a meeting of the minds would be reached and therefore awarded the Yonans money damages for expenses they incurred in reliance on defendant Oak Park Federal's agreement to negotiate in good faith. The Yonans appeal the findings of the trial judge, contending as follows:

(1) The letter of May 8, 1963, is a contract;

(2) The court should specifically enforce the entire contract including Oak Park Federal's obligation to construct a building; and

(3) The court may specifically enforce the contract in whole or in part or award the plaintiffs damages.

We need set out the following facts:

Prior to 1962, Oak Park Federal Savings and Loan Association (Oak Park Federal) decided to acquire certain parcels of land as a site to relocate its principal offices. In June 1962, Oak Park Federal's Board of Directors appointed John T. Pain to act as its agent to acquire the desired land. It told Pain not to disclose the agency but merely to represent he was acting as agent for an undisclosed principal.

Pain acquired many parcels in the relocation area. In all instances he notified Oak Park Federal of the terms and conditions of the sale; closed the deals; and thereafter Oak Park Federal "formally" ratified the contracts.

The Yonans owned two pieces of property in the relocation area. One property was improved with a two-story building suitable for the operation of the Yonan's carpet business. The other was a vacant lot. Late in 1962, Pain met with the Yonans many times and attempted to purchase the properties but the Yonans refused. In May, 1963, Pain obtained a letter dated May 8, 1963, from the Yonans which was drafted by Pain or Pain's attorney and read as follows:

"Dear Mr. Pain:

My wife and I have agreed to exchange our properties located at 7053 W. North Avenue and 7047 W. North Avenue—7053 W. North Avenue being improved with a two-story store building containing 4,500 square feet, and 7047 W. North Avenue being vacant, in exchange for the northeast corner of Nordica Avenue and North Avenue which shall be improved with a 6,000 square foot store building, the specifications for same being approximately as shown in the attached memorandum. The undersigned will be permitted to remain in his present business location, rent free, until new location is constructed and ready for occupancy.

We understand that the final plans and specifications will have to be approved by us.

We also want it understood that time is of the essence, and the purchase of the property and the building thereon will be completed as expeditiously as possible.

It is also our understanding that you are acting for an undisclosed purchaser, and no brokerage commission is to be paid by us to you on account of the above transaction."

A memorandum which set forth the preliminary specifications was attached to the letter as an exhibit.

Within several days after Pain obtained the May 8, 1963 letter from Yonan, he acquired the trade property located at North Avenue and Nordica Avenue for Oak Park Federal with its money. Oak Park Federal's Board of Directors' minutes of June 18, 1963, recorded in part:

"The Yonans have consented to trade the vacant and improved properties for a lot 60 x 125 feet on Nordica and North Avenue across from their present property on the Chicago side of North Avenue. We are to build thereon a one-story brick and concrete, air-conditioned forced air heat building costing approximately $50,000 * * *. When completed, the improved property would be traded for the two 'Yonan' parcels."

In November 1964, Oak Park Federal applied to a Federal agency for permission to relocate. Several zoning problems relating to parking were overcome. Pain signed a copy of the May 8, 1963, letter "Accepted: Davis, Pain & Company, agency by John T. Pain." Meanwhile, the Yonans desired that the building in question be two stories for their business.

Subsequently, the Federal Agency denied Oak Park Federal's application to relocate. The costs of Oak Park Federal's new building were revised upwards. Oak Park Federal in early 1966 issued two checks to Pain, one for $3,000 for commission, the other for $3,000 for earnest money.

In August of 1966, after several draft contracts were prepared, formal contracts were completed by Oak Park Federal's attorney. Yonan and Pain signed these contracts at the request of Oak Park Federal's attorney but later Oak Park Federal refused to direct the Chicago Title and Trust as trustee of the property to sign the agreement. Oak Park Federal also withdrew its application before the Federal Agency and its Board of Directors adopted a resolution rescinding Pain's authority. This suit followed.

The Yonans specifically claim that they expended money for blueprints; architect's fees; building permit; architectural drawings and the like.

In reviewing their claims we find that the letter of May 8, 1963, was a contract as a matter of law. At the time the letter was signed by

Yonan, and at the time the letter was accepted by Pain, the parties agreed on all essential elements of their agreement. Pain and Oak Park Federal accepted the terms of the letter after the Yonans rejected a qualified acceptance. Pain and Oak Park Federal drew the letter, chose its language and accepted its provisions.

Both parties recognized there was a binding contract. This fact is demonstrated by the acts and conduct of the parties subsequent to May 8, 1963. Oak Park Federal acquired the North and Nordica property for trade with the Yonans. It had no use for this property. The Board of Directors of Oak Park Federal discussed and approved the actions taken by its agent Pain who was acting on behalf of Oak Park Federal, the undisclosed principal. Oak Park Federal hired an attorney who applied to the City of Chicago to obtain the necessary zoning change to construct the building for the Yonans and entered into a lease with Sears, Roebuck and Company to supply off-street parking for the building to be built for Yonan. In addition Oak Park Federal issued a check to Pain to be used as earnest money for the purchase of the property for the Yonans, paid Pain a partial commission and paid fees to an architect for plans and specifications to develop said property.

The Yonans, with the knowledge and consent of Pain and Oak Park Federal, expended money for plans and specifications and to improve the trade property by removing an existing but outmoded gasoline station building and tanks. The Yonans also incurred an obligation for attorney's fees in preparing the formal written documents.

As we indicated we find that the parties entered into a contract that should be enforced. This cause is remanded with directions to the trial judge to grant either specific performance of the contract or in the alternative to hear additional evidence regarding all of the Yonans' damages.

Reversed and remanded.

DIERINGER, P. J., and BURMAN, J., concur.